O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KANE CAMPBELL, | ) | Case No. CV 10-9478-JAK (OP) |
|               Plaintiff, | ) ) | ORDER RE: DISMISSAL OF CIVIL RIGHTS COMPLAINT FOR FAILURE TO PROSECUTE |
|      v. | ) ) ) | |
| GLEN CAMPBELL, et al., | ) ) | |
|               Defendants. | ) ) | |

## I.
## **PROCEEDINGS**

On December 10, 2010, Kane Campbell ("Plaintiff") lodged with the Court a *pro se* Civil Rights Complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) However, Plaintiff failed to pay the full filing fee of $350 and failed to submit an *in forma pauperis* application in order to proceed without payment of the full filing fee. On January 27 and February 17, 2011, the Court issued Orders to Show Cause ("OSC") for having failed to pay the full filing fee and failed to submit an in *forma pauperis application*. (ECF Nos. 2, 3.) On March 2, 2011, Plaintiff paid the full filing fee of $350. As a result, the Complaint was formally filed. (ECF No. 5.)

On April 6, 2011, the Court issued an Order Re: Civil Rights Case in which Plaintiff was ordered to serve the Summons and Complaint in compliance with the provisions of Rule 4 of the Federal Rules of Civil Procedure. Plaintiff was ordered to serve the Complaint and file two copies of the proofs of service showing compliance with the order no later than June 30, 2011. The Court cautioned

Plaintiff that his non-compliance with the order may result in issuance of an OSC as to why this matter should not be dismissed for failure to prosecute. (ECF No. 7.) On September 7, 2011, after Plaintiff failed to filed the required proofs of service, the Court issued an OSC no later than October 14, 2011, why this case should not be dismissed for failure to prosecute. The filing of the proofs of service in compliance with the Court's April 6, 2011, Order was to be deemed compliance with this OSC. The Court cautioned Plaintiff that his failure to file the proofs of service by October 14, 2011, shall result in the Court recommending that this action be dismissed for failure to prosecute. (ECF No. 9.) To date, Plaintiff has failed to comply with the Court's order, has not responded to the OSC, and has not otherwise communicated with the Court.

     For the reasons set forth below, the Court finds that dismissal of this action for failure to prosecute is warranted.

## II.

## **DISCUSSION**

     It is well established that a district court has authority to dismiss a plaintiff's action because of his or her failure to prosecute or to comply with court orders. See Fed. R. Civ. P. 41(b); Link v. Wabash Railroad Co., 370 U.S. 626, 629-30, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) (holding that a court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the district courts); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (holding that a district court may dismiss an action for failure to comply with any order of the court).

     The Ninth Circuit has cited the following factors as relevant to the district court's determination of whether dismissal of a *pro se* plaintiff's action is warranted: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4)

the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions." Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).

Here, Plaintiff has not responded to the OSC, has not filed the proofs of service with the Court, and has not otherwise communicated with the Court. Plaintiff's conduct indicates that he does not intend to litigate this action diligently. Thus, these facts weigh in favor of dismissal.

Next, a rebuttable presumption of prejudice to defendants arises when a plaintiff unreasonably delays prosecution of an action. See In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994). Nothing suggests that such a presumption is unwarranted here. Thus, the third factor also weighs in favor of dismissal.

It is a plaintiff's responsibility to move a case toward a disposition at a reasonable pace and to avoid dilatory and evasive tactics. See Morris v. Morgan Stanley Co., 942 F.2d 648, 652 (9th Cir. 1991). By failing to respond to the OSC and by not filing the proofs of service with the Court, Plaintiff has not discharged this responsibility. In these circumstances, the public policy favoring resolution of disputes on the merits does not outweigh Plaintiff's failure to comply with the Court's order. Thus, the fourth factor weighs in favor of dismissal.

Finally, the Court attempted to avoid dismissal by advising Plaintiff that failure to respond to the OSC could lead to the dismissal of the action for failure to prosecute. Plaintiff has not responded to the OSC, has not filed the proofs of service with the Court, and has not otherwise communicated with the Court. Thus, the fifth factor weighs in favor of dismissal.

Based on the foregoing, the Court finds that dismissal of the Complaint without prejudice for failure to prosecute is warranted.

///

**III.**

**ORDER**

IT IS THEREFORE ORDERED that the Complaint is hereby dismissed without prejudice for failure to prosecute, and Judgment shall be entered accordingly.

DATED: December 8, 2011

_____
HONORABLE JOHN A. KRONSTADT
United States District Judge

Presented by:

_____
HONORABLE OSWALD PARADA
United States Magistrate Judge